UNITED STATES of America

v.

Daniel AVERSA.

UNITED STATES of America

v.

Vincent MENTO.

Cr. Nos. 90–76–01–S, 90–76–02–S.

United States District Court,
D. New Hampshire.

Oct. 3, 1990.

See also 762 F.Supp. 441.

Pat Walsh, Asst. U.S. Atty., Concord, N.H., for plaintiff.

Robert V. Johnson, Concord, N.H., for defendant Aversa.

Clifford J. Ross, Manchester, N.H., for defendant Mento.

## ORDER

STAHL, District Judge.

Presented for the Court's consideration are four late-filed motions. The first motion, the Government's motion *in limine*, was due no later than August 28, 1990. It was filed on September 20. The second motion, defendant Aversa's motion for discovery, was due no later than August 3. It was filed on September 28. The third motion, the Government's motion to strike defendant's motion for discovery, was due on August 17. It was filed on October 1, and it consists of the Government's argument that the Court should deny the defendant's motion for discovery because it was filed late. The last motion, defendant Aversa's motion to sever, was due on August 28. It was filed on September 21.

The Court takes notice of this blatant disregard for the schedule set in the July 25 Pretrial Order. Counsel for both parties are herewith notified that in the future appropriate sanctions will be imposed if orders issued by this Court are not strictly followed.

The Government's motion to strike is denied. The other motions are addressed below.

### Background

These cases arise from a series of banking transactions alleged to have been undertaken by defendants Daniel Aversa and Vincent Mento from January 9, 1989, to March 13, 1989. It is the government's contention that the purpose of the transactions was to evade the reporting provisions of 31 U.S.C. § 5313(a), which requires domestic financial institutions to file with the Internal Revenue Service a Currency Transaction Report for each transaction involving currency in excess of $10,000. Most of these transactions (a complicated array of deposits, withdrawals, and transfers) appear to have involved just less than $10,000.

Defendants have been indicted on one count of conspiracy, four counts of illegally structuring currency transactions, and one count of making false statements. In addition, Daniel Aversa has been indicted on one count of attempting to cause a domestic financial institution to file a report containing a material omission or misstatement of fact.

### 1. MOTION IN LIMINE

■ The Government asks the Court to prohibit defendants' counsel from arguing or eliciting testimony during the course of the trial concerning the defendants' knowledge that "structuring" a currency transaction was illegal. It is the Government's contention that the structuring statute does not require such knowledge for conviction, and that allowing argument on the issue therefore could serve to mislead the jury as to the applicable law.

The defendants are charged with violating 31 U.S.C. § 5324(3), which provides:

No person shall for the purpose of evading the reporting requirements of section 5313(a) with respect to such transaction-structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

At issue is whether conviction under this provision requires proof that a defendant actually knew that structuring was illegal or whether the government need only show that a defendant was attempting to evade section 5313(a)'s reporting requirements.

Both the Second and Ninth Circuits have held that knowledge of section 5313(a) and purposely evading its reporting requirements constitute sufficient *scienter* for conviction under section 5324(3).

The Second Circuit has held that conviction under section 5324(3) should be allowed even if it is not proved that the defendant knew that structuring *per se* is illegal. *United States v. Scanio*, 900 F.2d 485 (2nd Cir.1990). The *Scanio* court reasoned:

In the present case, however, Scanio was not prosecuted for having failed to comply with an obscure reporting requirement; he was charged with having intentionally structured a currency transaction with the explicit purpose of evading what he knew to be the bank's legal duty to file [Currency Transaction Reports] for all transactions exceeding $10,000. Scanio engaged in affirmative conduct and demonstrated an awareness of the legal framework relative to currency transactions which, it is reasonable to conclude, should have alerted him to the consequences of his conduct.

*Id.* at 490. The court then undertook a detailed analysis of the legislative history of § 5324(3) and concluded:

With respect to the applicable *mens rea*, the legislative history indicates that Congress only intended to require proof that the defendant structured a currency transaction in order to prevent the financial institution from filing a [Currency Transaction Report].

*Id.* at 491. Scanio's conviction was therefore affirmed.

The reasoning of *Scanio* was adopted without elaboration by the Ninth Circuit. *See United States v. Hoyland,* 903 F.2d 1288 (9th Cir.1990). This Court is persuaded that the *Scanio* court correctly construed § 5324(3). Accordingly, the Government's motion *in limine* is granted.

## 2. MOTION FOR DISCOVERY

Defendant Aversa asks the Court to grant him an opportunity to obtain certain information from the Government. As detailed below, the Court grants that motion in part.

### a. Paragraph 1

In *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request ... where the evidence is material either to guilt or to punishment." The defendant is entitled to obtain any such exculpatory evidence and accordingly, the request contained in paragraph 1 of the motion is herewith granted.

### b. Paragraph 2

■ The request made in paragraph 2 of the motion is herewith denied. In paragraph 2, the defendant asks for "[c]opies of any results of criminal record investigations and/or requests for such investigations." Although the request may comprehend discoverable material, as stated it is overbroad in that it fails to specify the subject or subjects of the criminal records sought.

### c. Paragraph 3

Defendant is entitled to receive "[c]opies of all records of statements or confessions, signed or unsigned, by the defendant," and therefore the request made in paragraph 3 is granted.

### d. Paragraph 4

Paragraph 4 of the defendant's motion for discovery implicates the so-called "Jencks Act," 18 U.S.C. § 3500, which provides in relevant part,

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

Defendant is entitled to the materials requested in paragraph 4 after government witnesses testify at trial. Any exculpatory evidence comprehended within paragraph 4 must be provided. The request made in paragraph 4 is otherwise denied.

### e. Paragraph 5

Defendant is entitled to "[a] list of any tangible objects, papers, documents or books obtained from or belonging to the defendant," and accordingly the request set forth at paragraph 5 is granted.

### f. Paragraph 6

■ In paragraph 6, defendant asks for "[c]opies of any photographs of any nature." This request is plainly overbroad and it is accordingly denied.

### g. Paragraph 7

■ Defendant is also entitled to "[c]opies of any records of pertinent and relevant bank transactions of whatsoever nature," and therefore the request made in paragraph 7 is granted.

### h. Paragraph 8

■ Finally, the Court denies the request made at paragraph 8 which states as follows: "A list of any information, of whatsoever nature, of any money alleged to have been deposited and/or withdrawn from any banking institution by the defendant, which was other than lawfully earned or acquired money." It is unclear what relevant information this request is designed to obtain and therefore the request contained in paragraph 8 is denied.

### 3. MOTION TO SEVER

Defendant Daniel Aversa moves to sever his trial from that of his co-defendant Vincent Mento. The government objects.

A motion to sever is addressed to the discretion of the trial court. *United States v. Cresta*, 825 F.2d 538, 554 (1st Cir.1987), *cert. denied* 486 U.S. 1042, 108 S.Ct. 2033, 100 L.Ed.2d 618 (1988); *United States v. Arruda*, 715 F.2d 671, 679 (1st Cir.1983). To warrant severance, there must be a strong showing of prejudice arising from a joint trial. *Id.* In an attempt to make this showing, Aversa claims that unfair prejudice would result from the fact that he and Mento are assigning different purposes to the transactions in question, that he does not know the extent of any admissions Mento might have made to the government, and that the effects of testimony favorable to him would be lessened in a joint trial.

The Court need not hold separate trials merely because conflicting defense theories are presented. Rather, the conflict must be so prejudicial that the jury will infer unjustifiably that the conflict alone demonstrates guilt. *United States v. Davis*, 623 F.2d 188, 194–195 (1st Cir.1980) *citing United States v. Becker*, 585 F.2d 703 (4th Cir.1978), *cert. denied* 439 U.S. 1080, 99 S.Ct. 862, 59 L.Ed.2d 50 (1979). Nothing Aversa has submitted indicates that the potential conflict over the purpose of the transactions rises to this level of prejudice. The Court finds therefore that severance is not required.

Similarly, the Court finds unpersuasive Aversa's claims of potential adverse effects from any admissions by Mento and a possible lessening of the effects of favorable testimony at a joint trial. Aversa has failed to support his contentions with any authority or to elaborate upon them in any way. His contentions are vague and speculative. It follows therefore that Aversa's motion to sever is denied.

### *Conclusion*

For the reasons stated herein, the Government's motion *in limine* (doc. no. 9) is granted; defendant Aversa's motion for discovery is granted in part as detailed in Section 2 of this Order; the Government's motion to strike is denied; and defendant Aversa's motion to sever (doc. no. 12) is denied.

SO ORDERED.